# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYBEK BEKKULUEVICH ZHUMADYLOV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:25-cv-01161-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 17) |

Petitioner is a federal immigration detainee who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 6, 8, 9.)

On February 2, 2026, the Court denied Respondents' motion to dismiss, denied the petition, and directed the Clerk of Court to close the case. (ECF No. 15.) That same day, the judgment was entered. (ECF No. 16.) On February 2, 2026, the Court received Petitioner's motion for preliminary injunction. (ECF No. 17.) "The 'purpose of a preliminary injunction is to preserve the status quo ante litem *pending a determination of the action on the merits*.'" Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1024 (9th Cir. 2016) (emphasis added) (quoting Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009)). See Doe v. Snyder, 28 F.4th 103, 111 (9th Cir. 2022) ("[W]e defined a mandatory injunction as one that goes beyond simply

maintaining the status quo and orders the responsible party to take action *pending the determination of the case on its merits*." (emphasis added)).

Given that the Court has denied the petition and entered judgment, the Court HEREBY DENIES Petitioner's motion for preliminary injunction (ECF No. 17) as MOOT.

IT IS SO ORDERED.

Dated:    **February 10, 2026**              /s/ Erin P. Gross
                                          UNITED STATES MAGISTRATE JUDGE